UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

**CRAIG LEE, ET AL.**                                               **CIVIL ACTION**

**VERSUS**                                                          **NO: 13-0590**

**PEARL RIVER BASIN LAND &**                                        **SECTION: "F" (4)**
**DEVELOPMENT COMPANY, LLC., ET AL.**

**ORDER**

Before the Court is a **Motion to Compel Discovery Responses (R. Doc. 22)**, filed by Defendant, Pearl River Basin Land and Development Company, LLC ("Defendant"), seeking an order from this Court requiring Plaintiffs, Jennifer and Craig Lee, ("Plaintiffs") to respond to its Interrogatories and Requests for Production of Documents within ten days from the issuance of this order. The motion is unopposed. The motion was heard on the briefs on January 8, 2014.

**I.     Background**

This action arose from the personal injuries allegedly sustained on or about April 1, 2012, when Plaintiff, while operating his skiff in the "pump slew," struck an unmarked and unlit structure crossing a pump slue, near a tributary of the Pearl River in St. Tammany Parish. *See* R. Doc. 1, ¶ 4. Plaintiffs allege that the structure they struck was bridge pilings which are allegedly owned and constructed by Defendant. *See id.,* at ¶6.

As to the instant motion, Defendant contends that it propounded written discovery on Plaintiffs on October 16, 2013, wherein PRBL sought information relating to Plaintiffs' claims and other matters calculated to lead to the discovery of admissible evidence. *See* R. Doc. 22-1, p. 1-2. Defendant contends that when Plaintiff failed to respond timely, Defendant sent correspondence on

November 19, 2013, providing notice to counsel for Plaintiffs that discovery responses were overdue, requesting that they be provided. Having not received a response, counsel for Plaintiff scheduled a Rule 37 conference on December 4, 2013, where Defendant argues that the parties agreed that Plaintiffs had until December 16, 2013 to respond, or else be compelled to provide responses. *Id.* at 3. Defendant argues that as of yet, Plaintiff has not responded to the outstanding discovery responses. *Id.* Thus, it seeks an order from this Court requiring Plaintiff to respond to discovery within ten days from the issuance of this Court's Order, and to pay Court costs and attorney fees incurred by the filing of this motion. *Id.* The motion is unopposed.

## II.     Standard of Review

Rule 37 provides that "[a] party seeking discovery may move for an order compelling an answer, designation, production, or inspection. This motion may be made if: . . . (iii) a party fails to answer an interrogatory submitted under Rule 33, or (iv) a party fails to respond that inspection will be permitted – or fails to permit inspection – as requested under Rule 34. Fed.R.Civ.P. 37(a)(3)(B).

## III.    Analysis

### A.     Local Rule 7.5

Under Local Rule 7.5, any memorandum in opposition to a motion must be filed eight (8) days before the noticed submission date. The instant motion was noticed for submission on January 8, 2014. *See* R. Doc. 22-3. Thus, any memoranda in opposition were due no later than January 1, 2014. Here, Plaintiff failed to file a memorandum in opposition to the motion, nor did it request leave to file an untimely memorandum in opposition. Thus, Defendant's motion is unopposed.

### B.     Federal Rules of Civil Procedure 33 and 34

In support of his motion, Defendant contends that Plaintiff failed to submit timely responses to its discovery requests. As noted above, Defendant's discovery requests were propounded on October 16, 2013. *See* R. Doc. 22-4. Therefore, Plaintiffs's responses were due no later than November 16, 2013. *See* Fed.R.Civ.P. 33(b)(2) and 34(b)(2)(A). Here, Plaintiff has failed to respond to Defendant's discovery responses by November 16, 2013, in contravention of the Rules.

According to the Defendant's Rule 37.1 certification, they attempted to confer with Plaintiff on December 4, 2013, regarding the outstanding discovery responses. *See id.* However, as of yet, Plaintiff has allegedly not responded to the discovery requests. The underlying motion was filed on December 18, 2013, and noticed for submission on January 8, 2014, and no opposition was filed by Plaintiff. Thus, the Court finds that Defendant's Motion to Compel Discovery Responses is granted.

### C. Attorney's Fees

Defendant also seeks attorney's fees in association with the instant motion. Rule 37 provides that when a discovery motion is granted, the Court *must* require the party, the attorney advising the party, or both, to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees. Fed.R.Civ.P. 37(a)(5)(A) (emphasis added). Pursuant to Rule 37(a)(5)(A), reasonable costs, including attorney's fees, in association with the instant motion are granted.

### IV. Conclusion

Accordingly,

**IT IS ORDERED** that Defendant, Pearl River Basin Land and Development Company, LLC.'s, **Motion to Compel Discovery Responses (R. Doc. 22)**, is **GRANTED**. Plaintiff shall provide full and complete responses to Defendant's discovery responses **no later than ten (10) days from the date of this order**.

**IT IS FURTHER ORDERED** that an award of reasonable expenses, including attorney's fees, pursuant to Federal Rule of Civil Procedure 37(a)(5)(A), is awarded against Plaintiff.

**IT IS FURTHER ORDERED** that Defendant, Pearl River Basin Land and Development Company, LLC., shall file a motion to fix attorney's fees into the record by **January 22, 2014** along with: (1) an affidavit attesting to its attorney's education, background, skills, and experience; (2) sufficient evidence of rates charged in similar cases by other local attorneys with similar experience, skill and reputation; and (3) the documentation required by Local Rule 54.2.  Any opposition to the fee application shall be filed no later than **Wednesday, January 29, 2014**.  Defendant, Kone, Inc., shall notice the motion to fix attorney's fees for submission on **Wednesday, February 5, 2014**, and the motion shall be heard on that date **without oral argument**.

New Orleans, Louisiana, this 13th day of January 2014.

**KAREN WELLS ROBY**
**UNITED STATES MAGISTRATE JUDGE**