**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | |
|---|---|
| **CRAIG LEE, ET AL.** | **CIVIL ACTION** |
| **VERSUS** | **NO: 13-0590** |
| **PEARL RIVER BASIN LAND & DEVELOPMENT COMPANY, LLC., ET AL.** | **SECTION: "F" (4)** |

**ORDER**

Before the Court is a **Motion to Fix Attorney's Fees (R. Doc. 25)**, filed by Defendant, Pearl River Basin Land and Development Company, LLC ("Pearl River") in accordance with this Court's Order granting its Motion to Compel Discovery Responses (R. Doc. 24) issued on January 13, 2014. The motion is opposed. *See* R. Doc. 27. The motion was noticed for submission on February 5, 2014, and heard on the briefs on that date.

I.      **Background**

This action arose from the personal injuries allegedly sustained on or about April 1, 2012, when Plaintiff, while operating his skiff in the "pump slew," struck an unmarked and unlit structure crossing a pump slue, near a tributary of the Pearl River in St. Tammany Parish. *See* R. Doc. 1, ¶ 4. Plaintiffs allege that the structure they struck was bridge pilings which are allegedly owned and constructed by Defendant. *See id.,* at ¶6.

On December 18, 2013, Defendant, Pearl River filed a Motion to Compel Discovery Responses, seeking an Order from this Court compelling Plaintiffs, Jennifer and Craig Lee, (collectively "Plaintiffs") to respond to its discovery requests, as well as for an award of attorney's

fees. (R. Doc. 22). On January 13, 2014, this Court granted the motion to compel and ordered

Plaintiffs to submit a motion fixing attorney's fees. *See* R. Doc. 24.

Defendant, Pearl River filed the instant **Motion to Fix Attorney's Fees (R. Doc. 25)**, on

January 21, 2014, including an affidavit of its attorney, as well as a billing and expenses record of

the alleged 2.5 hours spent on the motion, and 4.0 hours spent on preparing the motion for attorney's

fees, at $155.00 per hour, totaling $1,007.00. *See* R. Doc. 25-1, p. 2-4.

In opposition, Plaintiffs concede that the attorney's hourly rate of $155.00 is reasonable, and

that 2.5 hours, totaling $387.00 in preparation of the Motion to Compel is also reasonable. Plaintiffs,

however, contend that the 4.0 hours, totaling $620.00 in preparation of the motion for attorneys fees

is excessive, and unreasonable. *See* R. Doc. 27, p. 1-2.

## II.    Standard of Review

The Supreme Court has indicated that the "lodestar" calculation is the "most useful starting

point" for determining the award of attorney's fees. *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983).

The lodestar equals "the number of hours reasonably expended on the litigation multiplied by a

reasonable hourly rate." *Id*. The lodestar is presumed to yield a reasonable fee. *La. Power & Light*

*Co. v. Kellstrom*, 50 F.3d 319, 324 (5th Cir. 1995). After determining the lodestar, the court must

then consider the applicability and weight of the twelve factors set forth in *Johnson v. Ga. Highway*

*Express, Inc.*, 488 F.2d 714, 717-19 (5th Cir. 1974).[1]  The court can make upward or downward

adjustments to the lodestar figure if the *Johnson* factors warrant such modifications. *See Watkins*

---

[1]The twelve *Johnson* factors are (1) the time and labor involved; (2) the novelty and difficulty of the
questions; (3) the skill requisite to perform the legal services properly; (4) the preclusion of other employment by the
attorney due to this case; (5) the customary fee; (6) whether fee is fixed or contingent; (7) time limitations; (8) the
amount involved and results obtained; (9) the experience, reputation and ability of counsel; (10) the undesirability of
the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases.
*See Johnson*, 488 F.2d at 717-719.

*v. Fordice*, 7 F.3d 453, 457 (5th Cir. 1993).  However, the lodestar should be modified only in exceptional cases.  *Id.* (citing *City of Burlington v. Dague*, 505 U.S. 557, 562 (1992)).

After the calculation of the lodestar, the burden then shifts to the party opposing the fee to contest the reasonableness of the hourly rate requested or the reasonableness of the hours expended "by affidavit or brief with sufficient specificity to give fee applicants notice" of the objections. *Rode v. Dellarciprete*, 892 F.2d 1177, 1183 (3d Cir.1990).

## III.    Analysis

### A.      Calculating a Reasonable Hourly Rate

Because Plaintiffs make no challenge to the reasonableness of the rates charged by Cambre, the Court finds that her hourly rate of $155.00, is reasonable. *La. Power & Light,* 50 F.3d at 328; *Trahan v. Crown Drilling, Inc.,* No. 2011 WL 3320531, at *4 (E.D. La. July 13, 2011) (Roby, M.J.) (finding attorney's requested rate reasonable because it was not challenged by the opposing  party.

### B.      Determining the Reasonable Hours Expended

In support of its motion, Pearl River submits a copy of Cambre's billing entries for the motion to compel as well as the motion for attorney fees. *See* R. Doc. 25-4, p. 1-4.  There are approximately seven entries: "(a) drafting notice of submission for motion to compel (.3 hours), (b) drafting certificate of conference for motion to compel (.4 hours), (c) drafting motion to compel and memorandum in support of motion to compel (1.10 hours), (d) preparing exhibits and finalizing motion to compel for filing (.7 hours),[2] (e) drafting motion and memorandum in support to fix attorney fees and accompanying affidavit required per court order granting motion to compel (1.5

---

[2] These four entries are dated December 17, 2013. *See* R. Doc. 25-4, p. 2.

hours), [3] (f) review of case law to determine rates charged in similar cases by other local attorneys

for inclusion with motion to fix fees as required by court order (1.6 hours), (g) continued drafting

motion to fix attorney fees, including case law granting fees in similar cases by other attorneys  (.90

hours)"[4] (h) editing and filing of the Motion to Compel (1.3 hours), (i) file / review motion and

motion hearing preparation (1 hours) and (j) motion hearing (1.5 hours)." *Id.*

In opposition, Plaintiffs argue that the 4.0 hours, totaling $620.00, for the preparation of

defendants Motion to Fix Attorneys Fees is inappropriate, as it "appears to be somewhat excessive

and should more reasonably have required not more than 2.0 hours in its preparation." *See* R. Doc.

27, p. 2.

The party seeking attorney's fees bears the burden of establishing the reasonableness of the

fees by submitting adequate documentation and time records of the hours reasonably expended and

proving the exercise of "billing judgment." *Wegner v. Standard Ins. Co.*, 129 F.3d 814, 822 (5th

Cir.1997); *Walker v. United States Dep't of Housing & Urban Development*, 99 F.3d 761, 770 (5th

Cir.1996).  Here, the Court finds that 4.0 hours is somewhat excessive in preparing for a motion for

attorney fees on a motion to compel. *See e.g., Pizzolato v. Safeco Ins. Co of Am.,*No. 08-353, 2008

WL 4809137 at *2-3 (M.D. La. Nov. 3, 2008) (the Court found that 3.6 hours spent for research and

filing of the motion for attorney fees was reasonable); *Davis v. Am. Sec. Ins. Co.,* No. 07-01141,

2008 WL 2228896 (E.D. La. May 28, 2008) ([t]his Court held that 5.30 hours spent on a motion to

compel, motion to fix attorney fees and research thereof, was excessive for an attorney with one to

two years legal experience and reduced the total hours requested to 3.0 hours); *Smith v. State Farm*

---

[3] This entry is dated January 13, 2014. *See id.*, at p. 3.

[4] These two entries are dated January 14, 2014. *See id.*, at p. 4.

*Fire & Cas. Ins. Co.*, Civ. A. No. 09-6522, 2010 WL 3021641 (E.D. La. July 29, 2010) (awarding

2.1 hours spent on a motion for sanctions, and 1.8 hours on a motion to compel). As such, the Court

herein reduces the time requested on the motion to fix attorney fees from 4.0 hours to 2.0 hours,

totaling an award of $310.00.[5]

Therefore, the Court finds that Pearl River is entitled to recover attorney fees for 4.5 hours,

at a reasonable rate of $155.00 per hour for Cambre, including the uncontested 2.5 hours spent on

the motion to compel, totaling $387.50; and the reduced amount of 2.0 hours, spent on the motion

to fix attorney fees, totaling $310.00; for a total award of $697.50.

### 3.    Adjusting the Lodestar

After the lodestar is determined, the Court may then adjust the lodestar upward or downward

depending on the twelve factors set forth in *Johnson,* 488 F.2d at 717-19. To the extent that any

*Johnson* factors are subsumed in the lodestar, they should not be reconsidered when determining

whether an adjustment to the lodestar is required.  *Migis v. Pearle Vision, Inc.,* 135 F.3d 1041, 1047

(5th Cir. 1998).  The Court has evaluated the *Johnson* factors and finds no adjustment of the lodestar

is warranted.  Accordingly, Pearl River is entitled to attorney's fees of $697.50.

## IV.    Conclusion

Accordingly,

**IT IS ORDERED** that Defendant, Pearl River Basin Land and Development Company,

LLC.'s ("Pearl River")  **Motion to Fix Attorney's Fees (R. Doc. 25)** is **GRANTED**. The Court

finds that a total amount of $697.50 in fees is reasonable in the matter here.

---

[5] Based on Cambre's affidavit attesting to her 2.5 years of experience, the Court finds that 2.0 hours is an appropriate amount of hours to award for the preparation of motion to fix attorneys fees, as there were no complex issues requiring 4.0 hours of research or legal theories.

**IT IS FURTHER ORDERED** that Plaintiff shall satisfy his obligation to Pearl River no later than **twenty (20) days** from the issuance of this Order.

New Orleans, Louisiana, this 10th day of February 2014.

_____
**KAREN WELLS ROBY**
**UNITED STATES MAGISTRATE JUDGE**