**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

**CRAIG LEE, ET AL.**                                          **CIVIL ACTION**

**VERSUS**                                                              **NO: 13-0590**

**PEARL RIVER BASIN LAND & DEVELOPMENT**          **SECTION: "F" (4)**
**COMPANY, LLC., ET AL.**

**ORDER**

Before the Court is Plaintiff, Craig Lee, et al.'s (collectively "Plaintiffs") **Plaintiffs' Motion to Quash Depositions (R. Doc. 35)** of the Plaintiffs, currently noticed for March 12, 2014. *See* R. Doc. 35, p. 1. The motion is opposed. *See* R. Doc. 39. The motion was noticed for submission on March 26, 2014, but heard on an expedited basis on the briefs, on March 13, 2014. *See* R. Doc. 41.

I.     <u>Background</u>

This action arose from the personal injuries allegedly sustained on or about April 1, 2012, when Plaintiff, while operating his skiff in the "pump slew," struck an unmarked and unlit structure crossing a pump slue, near a tributary of the Pearl River in St. Tammany Parish. *See* R. Doc. 1, ¶ 4. Plaintiffs allege that the structure they struck was bridge pilings which are allegedly owned and constructed by Defendant. *See id.,* at ¶6.

Plaintiffs argue that on April 1, 2013, they filed suit in the Nineteenth Judicial District Court for the State of Louisiana, naming as Defendants Pearl River Basin Land and Development Company, LLC., ("PRBL") the town of Pearl River ("Pearl River"), the State of Louisiana, as well

as three fictitious insurers. *See* R. Doc. 35-1, p. 1. However, subsequent to that suit being filed, Plaintiffs contend that the instant action was also filed in this Court, naming only PRBL and the town of Pearl River, so as to avoid any possible prescription issues. *Id.* at 2.

Plaintiffs contend that both PRBL and Pearl River have participated in motion practice in state and federal court, but the Defendants' originally filed Exceptions of Lis Pendens and Prescription in state court. *Id.* However, the Plaintiffs contend that these exceptions were either withdrawn or continued without date, as counsel for Plaintiffs advised counsel for the Defendants that it was his clients intention to dismiss the federal suit and proceed with the state court action inasmuch as the State of Louisiana was an indispensable party to the case. *Id.*

Plaintiffs contend that on January 28, 2014, while defendants were allegedly attempting to schedule depositions of the plaintiffs, and again on February 5, 2014, they allegedly advised defendants of their intention to dismiss the federal action and proceed in state court because of their belief that the State of Louisiana was an indispensable party. *Id.* at p. 2-3. However, after giving notice, Defendant, the town of Pearl River, filed a motion for summary judgment, which Plaintiffs contend creates an unreasonable risk of prejudice to all the parties and the fair and efficient administration of justice by allowing either the depositions of the plaintiffs under oath to take place, or a dispositive ruling on the liability of a party to the case or controversy in a proceeding without the State of Louisiana, which Plaintiffs contend is an indispensable party to this action. *Id.* at p. 3.

As to the instant motion, Plaintiffs contend that there "is an overwhelming prejudice by the State of Louisiana's inability to participate in the depositions despite its status as a 'real party in interest,'" and that there is "a guarantee for the wasteful duplication of judicial proceedings and an exceedingly high risk of inconsistent judgments." *Id.* Therefore, Plaintiffs request this Court enter

2

a protective order, pursuant to Fed. R. Civ. P. 26(c), quashing the depositions of Plaintiffs, currently noticed for March 12, 2014, to insure that the instant action may proceed with one conclusive litigation between all real parties in interest.

## II.   <u>Standard of Review</u>

Federal Rule of Civil Procedure ("Rule") 26(b)(1) provides that "[p]arties may obtain discovery regarding any non-privileged matter that is relevant to any party's claim or defense." *See* Fed. R. Civ. P. 26(b)(1).  The Rule specifies that "[r]elevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." *Id.* The discovery rules are accorded a broad and liberal treatment to achieve their purpose of adequately informing litigants in civil trials. *Herbert v. Lando*, 441 U.S. 153, 176 (1979). Nevertheless, discovery does have "ultimate and necessary boundaries." *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 (1978) (quoting *Hickman v. Taylor*, 329 U.S. 495, 507 (1947)). Furthermore, "it is well established that the scope of discovery is within the sound discretion of the trial court." *Coleman v. American Red Cross*, 23 F.3d 1091, 1096 (6th Cir.1994).

Under Rule 26(b)(2)(C), discovery may be limited if: (1) the discovery sought is unreasonably cumulative or duplicative, or is obtainable from another, more convenient, less burdensome, or less expensive source; (2) the party seeking discovery has had ample opportunity to obtain the discovery sought; or (3) the burden or expense of the proposed discovery outweighs its likely benefit. *Id.* In assessing whether the burden of the discovery outweighs its benefit, a court must consider: (1) the needs of the case; (2) the amount in controversy; (3) the parties' resources; (4) the importance of the issues at stake in the litigation; and (5) the importance of the proposed discovery in resolving the issues. *Id.* at 26(b)(2)(C)(iii).

The decision to enter a protective order is within the Court's discretion. *Thomas v. Int'l Bus. Mach.*, 48 F.3d 478, 482 (10th Cir. 1995). Fed. R. Civ. P. 26(c) governs the issuance of protective orders. It provides in pertinent part:

> A party or any person from whom discovery is sought may move for a protective order in the court where the action is pending–or as an alternative on matters relating to a deposition, in the court for the district where the deposition will be taken. The motion must include a certification that the movant has in good faith conferred or attempted to confer with other affected parties in an effort to resolve the dispute without court action. The court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense.

Fed.R.Civ.P. 26(c)(1). Rule 26(c), however, contains a requirement that good cause be shown to support the issuance of a protective order, providing that "the burden is upon the movant to show the necessity of its issuance, which contemplates a particular and specific demonstration of fact as distinguished from stereotyped and conclusory statements." *In re Terra Int'l*, 134 F.3d 302, 306 (5th Cir.1998); *see also Baggs v. Highland Towing, L.L.C.*, No. 99-1318, 1999 WL 539459, at *2 (E.D. La. July 22, 1999) (Rule 26(c)(2) orders may be issued only when the moving party makes "a particular and specific demonstration of fact as distinguished from stereotyped and conclusory statements.").

## III.   Analysis

Plaintiffs request this Court enter a protective order, pursuant to Fed. R. Civ. P. 26(c), quashing the depositions of Plaintiffs, currently noticed for March 12, 2014, because they argue that allowing the depositions to move forward will cause "overwhelming prejudice" to the parties in this action because the State of Louisiana is unable to participate in the deposition although she is allegedly an indispensable, real party in interest to this action. *See e.g.,* R. Doc. 35-1, p. 2-4.

In opposition, PRBL contends that this is the "latest on a long line of gamesmanship by

4

plaintiffs and/or their counsel" to avoid participating in the discovery process. *See* R. Doc. 39,p. 1. Specifically, PRBL contends that despite having agreed to the taking of their depositions, Plaintiffs now refuse to appear for examination. *Id.* Furthermore, PRBL contends that discovery in this action has been stalled by the Plaintiffs as they have refused to respond to written discovery, even though they were already compelled and sanctioned by this Court to do so. *Id.* at 1-2.

Because this matter is set for trial on August 25, 2014, and Plaintiffs' expert reports are due on April 24, 2014, PRBL contends that this is yet another attempt of the Plaintiffs to frustrate discovery and upset deadlines set by this Court. PRBL argues that Plaintiffs depositions were initially scheduled to take place on January 28, 2014. *Id.* at 3. However, counsel for Plaintiffs represented that his clients were unavailable on this date, so the depositions were re-noticed for January 31, 2014. *Id.* PRBL contends that on January 30, 2014, it was contacted again by Plaintiffs that they were unavailable for this date, but that they would help facilitate the taking of these depositions on a later date convenient for the parties.

PRBL argues that after not receiving any communication from Plaintiffs, it re-noticed the deposition for February 11, 2014, but received another response on February 10, 2014, that Plaintiffs were unavailable. However, PRBL contends that counsel for plaintiffs did indicate that they would make their clients available for depositions during the week of March 10, 2014. *Id.* at 4. Therefore, PRBL re-noticed Plaintiffs' deposition on February 12, 2014, setting the deposition date for March 12, 2014, the date recommended by Plaintiffs' counsel. *Id.* Even though Plaintiffs had ample notice, PRBL contends that Plaintiffs waited until March 10, 2014, to file the underlying motion to quash and / or for protective order, and noticed it for submission on March 26, 2014, two weeks after their depositions were scheduled to begin, without seeking expedited consideration thereof. *Id.* at 4-5.

Therefore, PRBL argues that Plaintiffs motion should be denied because they only present one reason why the depositions should be quashed, contending that they intend to voluntarily dismiss the federal action so that the state action, which includes the State of Louisiana, could proceed without unduly prejudicing any of the parties. *Id.* However, PRBL argues that this reason alone fails to establish the good cause necessary to warrant the issuance of a protective order, pursuant to Fed. R. Civ. P. 26(c), to quash the depositions. *Id.* at 6. As such, PRBL argues that Plaintiffs' motion has a dilatory purpose and should be denied.

Rule 26(c) requires that "good cause" be shown to support the issuance of a protective order, providing that the "burden is upon the movant to show that the necessity of its issuance, which contemplates a particular and specific demonstration of fact as distinguished from stereotyped and conclusory statements." *In re Terra Int'l*, 134 F.3d 302, 306 (5th Cir.1998); *see also Baggs v. Highland Towing, L.L.C.*, No. 99-1318, 1999 WL 539459, at *2 (E.D. La. July 22, 1999) (Rule 26(c)(2) orders may be issued only when the moving party makes "a particular and specific demonstration of fact as distinguished from stereotyped and conclusory statements.").

Similarly, a party seeking a protective order "to prevent or postpone a deposition must show good cause and the specific need for protection." *Williams ex rel. Williams v. Greenlee*, 210 F.R.D. 577, 579 (N.D. Tex. 2002); citing *Landry v. Air Line Pilots Ass'n*, 901 F.2d 404, 435 (5th Cir.), *cert. denied*, 498 U.S. 895, 111 S.Ct. 244, 112 L.Ed.2d 203 (1990); *Bucher v. Richardson Hospital Authority*, 160 F.R.D. 88, 92 (N.D.Tex.1994). "'Good cause' exists when justice requires the protection of 'a party or person from any annoyance, embarrassment, oppression, or undue burden or expense." *See* Fed. R. Civ. P. 26(c); *Landry*, 901 F.2d at 435. As such, the Court must "balance the competing interests of allowing discovery and protecting the parties and deponents from undue

burdens." *Williams ex rel.,* 210 F.R.D. at 579; citing *Bucher*, 160 F.R.D. at 92.

Courts "rarely grant protective orders that completely prohibit a deposition" from taking place without a party demonstrating the high burden of "extraordinary circumstances." *Campos v. Webb Cnty. Tex.*, 288 F.R.D. 134, 137-38 (S.D. Tex. 2012); citing *Salter v. Upjohn Co.*, 593 F.2d 649, 650 (5th Cir.1979) ("It is very unusual for a court to prohibit the taking of a deposition altogether and absent extraordinary circumstances, such an order would likely be in error."); *Minter v. Wells Fargo Bank, N.A.*, 258 F.R.D. 118, 125 (D.Md.2009) (noting that a "motion seeking to prevent the taking of a deposition is regarded unfavorably by the courts"); *Jennings v. Family Mgmt.*, 201 F.R.D. 272, 275 (D.D.C.2001)(stating that "courts regard the complete prohibition of a deposition as an extraordinary measure which should be resorted to only in rare occasions") (internal quotation marks omitted); *Deines v. Vermeer Mfg. Co.*, 133 F.R.D. 46, 48 (D.Kan.1990) (citing 4 J. Moore at al., Moore's Federal Practice ¶ 26.69 (2d ed. 1989)) ("In view of the general philosophy of full discovery of relevant facts ... it is rare that a court will order that a deposition not be taken at all."); 3); *Motsinger v. Flynt*, 119 F.R.D. 373, 378 (M.D.N.C.1988) ("Absent a strong showing of good cause and extraordinary circumstances, a court should not prohibit altogether the taking of a deposition.").

Here, Plaintiffs contend that the depositions for which they seek to quash would cause "overwhelming prejudice" to all the parties in this action because the State of Louisiana is not a party therein. However, Defendants merely seek to depose the plaintiffs in this action, which they are entitled to do through the discovery process. Furthermore, as indicated by PRBL's opposition, the March 12, 2014 notice is the fourth instance where defendants have attempted to depose the plaintiffs over the past four months, but this is the first time where Plaintiffs allege prejudice would

ensue if the depositions are permitted to move forward. *See* R. Doc. 39, p. 6-8. Therefore, the Court is not persuaded by Plaintiffs' argument that the taking of their depositions without the State of Louisiana, who has never been a party to the instant action, would severely prejudice the parties' interests.

As such, the Court finds that Plaintiffs have failed to establish that good cause exists to warrant a protective order, pursuant to Fed. R. Civ. P. 26(c). Therefore, Plaintiffs' motion is hereby denied.

## IV.     Conclusion

**IT IS ORDERED** that **Plaintiffs' Motion to Quash Depositions (R. Doc. 35)** is **DENIED**. The depositions shall proceed post haste.

New Orleans, Louisiana, this 14th day of March 2014.

_____
**KAREN WELLS ROBY**
**UNITED STATES MAGISTRATE JUDGE**

8