UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

JENNIFER ELIZABETH LEE,                                          CIVIL ACTION
wife of and CRAIG LEE

v.                                                               NO. 13-0590

PEARL RIVER BASIN LAND                                           SECTION "F"
AND DEVELOPMENT COMPANY, LLC, ET AL.

ORDER AND REASONS

Before the Court is the plaintiffs' motion for voluntary dismissal without prejudice pursuant to Federal Rule of Civil Procedure 41(a)(2). For the reasons that follow, the motion is DENIED.

**Background**

This lawsuit arises from personal injuries allegedly sustained when the plaintiff, while operating his skiff on a tributary of the Pearl River in St. Tammany Parish, struck an unmarked and unlit structure.

Craig Lee alleges that he was seriously injured on April 1, 2012 when the vessel he was operating allided with unlit and unmarked support pilings to a bridge constructed across the waterway. On April 1, 2013 Lee and his wife sued Pearl River Basin Land and Development Company, LLC (PRBL), the Town of Pearl River, the State of Louisiana, and three fictitious insurers in state

1

court.  Later that same day, the Lees sued PRBL, the Town of Pearl River, and the three fictitious insurers in this Court.  The Lees allege PRBL's negligence in failing to adequately mark the support pilings caused Mr. Lee's injuries; they allege that the State of Louisiana (named as a defendant only in the state court proceedings) owned the water bottom/bed of the "pump slew", a navigable body of water; and they allege that the Town of Pearl River owned or maintained the property on which the bridge is attached and breached its duty to insure that it was not hazardous.  Plaintiffs seek to recover an estimated $2,000,000 in damages for Mr. Lee's physical and mental injuries, as well as Mrs. Lee's loss of consortium.

   The Town of Pearl River answered in this federal litigation on June 19, 2013, and PRBL filed its answer and amended answer in October 2013.  Counsel participated in a scheduling conference, after which time the Court issued a scheduling order, selecting the pretrial conference date (July 24, 2014), the jury trial date (August 25, 2014), and corresponding deadlines for discovery and motion practice.

   On December 18, 2013 PRBL filed a motion to compel discovery, which was granted on January 13, 2014.  In granting the motion to compel, Magistrate Judge Roby also ordered that an award of reasonable expenses, including attorney's fees be awarded against plaintiffs in PRBL's favor pursuant to Federal Rule of Civil

2

Procedure 37(a)(5)(A). Magistrate Judge Roby ultimately determined that $697.50 in fees was reasonable, and ordered that the plaintiffs satisfy the obligation to pay PRBL not later than 20 days from her February 11, 2014 order. Although the January 13 order required plaintiffs to provide complete responses to PRBL's discovery within 10 days from the order, the plaintiffs still have not responded to the discovery.

On February 18, 2014, the Town of Pearl River filed a motion for summary judgment and a request for oral argument on its motion, noticing the motion for submission on March 26, 2014.  PRBL has noticed the plaintiffs' depositions four times but, each time, plaintiffs' counsel has advised that plaintiffs were unavailable, even when plaintiffs' counsel had previously agreed to the date. On March 10, 2014, for example, less than 48 hours before the plaintiffs' depositions were to be taken, plaintiffs filed a motion to quash the depositions based on plaintiffs' intent to seek voluntary dismissal; after granting the defendants' motion to expedite hearing on the motion to quash, Magistrate Judge Roby denied the motion.  Shortly after requesting to quash their depositions on March 10, the plaintiffs filed the present motion, in which they seek to dismiss without prejudice their claims against the defendants.

                                I.

Federal Rule of Civil Procedure 41(a)(2) provides:

                                3

> (a) Voluntary Dismissal.
> ...
> (2) By Court Order; Effect.  Except as provided in Rule 41(a)(1), an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper.... Unless the order states otherwise, a dismissal under this paragraph (2) is without prejudice.

Whether to grant dismissal under Federal Rule of Civil Procedure 41(a) lies within the sound discretion of the trial court.  Davis v. Huskipower Outdoor Equip. Corp., 936 F.2d 193, 199 (5th Cir. 1991).  The Court should freely grant a motion for voluntary dismissal, the Fifth Circuit instructs, unless it finds that the non-moving party "will suffer some plain legal prejudice other than the mere prospect of a second lawsuit."  See Hyde v. Hoffmann-La Roche, Inc., 511 F.3d 506, 509 (5th Cir. 2007)(reversing district court's order dismissing case without prejudice where defendants established legal prejudice by showing that their defense based on Texas law was potentially stripped as a consequence of dismissal without prejudice).  A motion for voluntary dismissal is properly denied, for example, where it appears that "a plaintiff seeks to circumvent an expected adverse result."  See Davis, 936 F.2d at 199 (affirming district court's denial of motion for voluntary dismissal where the motion was filed more than a year after removal, after months of filing pleadings, attending conferences, and filing memoranda, and after the magistrate judge had considered the case and had issued a recommendation adverse to plaintiff's position).  Plain legal prejudice may also be established when the

plaintiff seeks dismissal at a late stage of the proceedings, or where a defendant would be deprived of a limitations defense if the plaintiff refiles his suit.  <u>In re FEMA Trailer Formaldahyde Products Liab. Litig.</u>, 628 F.3d 157, 162 (5th Cir. 2010)(citations omitted).  Context is important.

## II.

The plaintiffs seek to withdraw this federal suit, without prejudice to their rights to continue to proceed against these defendants in the simultaneously-filed state court action.  In this Court, the defendants have answered, the case has been set for trial, the defendants have endeavored to engage in discovery, the plaintiffs have obstructed discovery efforts,[1] and one of the defendants requested summary judgment before the plaintiffs requested voluntary dismissal.[2]  On the other hand, in the state court proceeding, the defendants complain that the case has not been scheduled for trial and, it is suggested to the Court, no discovery has taken place; the state court matter has not proceeded beyond the filing of exceptions for no cause of action by

---

[1] Magistrate Judge Roby decided the defendants' motion to compel adversely to plaintiffs, ordering the plaintiffs to produce discovery (which they still have not done) and sanctioning plaintiffs.  And Magistrate Judge Roby has denied the plaintiffs' most recent effort to obstruct discovery; plaintiffs' motion to quash depositions was denied.

[2] The parties reasonably agreed to continue the submission date on the motion for summary judgment until the Court resolved the plaintiffs' request for voluntary dismissal.

defendants.  Nevertheless, the plaintiffs urge the Court to dismiss this federal lawsuit without prejudice on the ground that the State of Louisiana, which is a party to the state court action only, is indispensable and because, it is incredibly suggested, the defendants have not engaged in discovery.  The plaintiffs fail to support their request for voluntary dismissal.[3]

The plaintiffs' request to dismiss their lawsuit is, at best, dilatory.  It is presented more than 11 months after the lawsuit was filed.  The request comes after the defendants have answered; after counsel participated in a scheduling conference and a scheduling order issued; after a motion to compel was decided adversely to plaintiffs and plaintiffs were taxed attorney's fees; after a dispositive motion for summary judgment and accompanying request for oral argument was filed; and after the plaintiffs have persistently obstructed discovery efforts initiated by defendants, including by filing a motion to quash, which was decided adversely to plaintiffs.  Plaintiffs cannot simply file a lawsuit in federal court, sit back and refuse to advance the case, and be granted an unconditional without prejudice dismissal with a dispositive motion scheduled for hearing and the trial date five months away.

Accordingly, the plaintiffs' motion for voluntary dismissal

---

[3] Plaintiffs fail to explain why the State of Louisiana, allegedly a joint tortfeasor, is an indispensable party.  Rule 19 does not require the joinder of joint tortfeasors.  See Nottingham v. General American Communications Corp., 811 F.2d 873, 880-81 (5th Cir. 1987).

without prejudice is DENIED.  If the plaintiffs' pattern of delay persists, the Court will entertain a motion to dismiss the case with prejudice as a sanction, and, given the state of the record, the Court will be obliged to look into the applicability of 28 U.S.C. § 1927 as to plaintiffs and counsel.

New Orleans, Louisiana, April 2, 2014

_____
MARTIN L. C. FELDMAN
UNITED STATES DISTRICT JUDGE