```
                    UNITED STATES DISTRICT COURT

                    EASTERN DISTRICT OF LOUISIANA


JENNIFER ELIZABETH LEE,                         CIVIL ACTION
wife of and CRAIG LEE

v.                                              NO. 13-0590

PEARL RIVER BASIN LAND                          SECTION "F"
AND DEVELOPMENT COMPANY, LLC, ET AL.
```

ORDER AND REASONS

Before the Court is the plaintiffs' "motion for appeal/review of magistrate's order denying plaintiffs' motion to quash deposition and request for de novo review of said motion." For the reasons that follow, the motion is DENIED and the magistrate judge's March 14, 2014 Order is AFFIRMED.

**Background**

This lawsuit arises from personal injuries allegedly sustained when the plaintiff, while operating his skiff on a tributary of the Pearl River in St. Tammany Parish, struck an unmarked and unlit structure.

Craig Lee alleges that he was seriously injured on April 1, 2012 when the vessel he was operating allided with unlit and unmarked support pilings to a bridge constructed across the waterway. On April 1, 2013 Lee and his wife sued Pearl River Basin Land and Development Company, LLC (PRBL), the Town of Pearl River, the State of Louisiana, and three fictitious insurers in state

1

court.  Later that same day, the Lees sued PRBL, the Town of Pearl River, and the three fictitious insurers in this Court.  The Lees allege PRBL's negligence in failing to adequately mark the support pilings caused Mr. Lee's injuries; they allege that the State of Louisiana (named as a defendant only in the state court proceedings) owned the water bottom/bed of the "pump slew", a navigable body of water; and they allege that the Town of Pearl River owned or maintained the property on which the bridge is attached and breached its duty to insure that it was not hazardous.  Plaintiffs seek to recover an estimated $2,000,000 in damages for Mr. Lee's physical and mental injuries, as well as Mrs. Lee's loss of consortium.

    The Town of Pearl River answered in this federal litigation on June 19, 2013, and PRBL filed its answer and amended answer in October 2013.  Counsel participated in a scheduling conference, after which time the Court issued a scheduling order, selecting the pretrial conference date (July 24, 2014), the jury trial date (August 25, 2014), and corresponding deadlines for discovery and motion practice.

    On December 18, 2013 PRBL filed a motion to compel discovery, which was granted on January 13, 2014.  In granting the motion to compel, Magistrate Judge Roby also ordered that an award of reasonable expenses, including attorney's fees be awarded against plaintiffs in PRBL's favor pursuant to Federal Rule of Civil

Procedure 37(a)(5)(A). Magistrate Judge Roby ultimately determined that $697.50 in fees was reasonable, and ordered that the plaintiffs satisfy the obligation to pay PRBL not later than 20 days from her February 11, 2014 order.  Although the January 13 order required plaintiffs to provide complete responses to PRBL's discovery within 10 days from the order, the plaintiffs still have not responded to the discovery.

On February 18, 2014, the Town of Pearl River filed a motion for summary judgment and a request for oral argument on its motion, noticing the motion for submission on March 26, 2014.  PRBL has noticed the plaintiffs' depositions four times but, each time, plaintiffs' counsel has advised that plaintiffs were unavailable, even when plaintiffs' counsel had previously agreed to the date. On March 10, 2014, for example, less than 48 hours before the plaintiffs' depositions were to be taken, plaintiffs filed a motion to quash the depositions based on plaintiffs' intent to seek voluntary dismissal; after granting the defendants' motion to expedite hearing on the motion to quash, Magistrate Judge Roby denied the motion.  Shortly after requesting to quash their depositions on March 10, the plaintiffs filed a motion to dismiss without prejudice so that plaintiffs could proceed only with their state court lawsuit.  On April 2, 2014 the Court denied the plaintiffs' motion, observing:

> The plaintiffs' request to dismiss their lawsuit is, at best, dilatory.  It is presented more than 11 months after the lawsuit was filed.  The request comes after the defendants have answered; after counsel participated in a scheduling conference and a scheduling order issued; after a motion to compel was decided adversely to plaintiffs and plaintiffs were taxed attorney's fees; after a dispositive motion for summary judgment and accompanying request for oral argument was filed; and after the plaintiffs have persistently obstructed discovery efforts initiated by defendants, including by filing a motion to quash, which was decided adversely to plaintiffs.  Plaintiffs cannot simply file a lawsuit in federal court, sit back and refuse to advance the case, and be granted an unconditional without prejudice dismissal with a dispositive motion scheduled for hearing and the trial date five months away.

See Order and Reasons dated April 2, 2014.  Meanwhile, on March 14, 2014, the magistrate judge had denied the plaintiffs' request that their depositions be quashed.  The plaintiffs now appeal the magistrate judge's order denying their motion to quash.

I.
*A.*

A magistrate judge is afforded broad discretion in the resolution of non-dispositive discovery disputes.  See Fed.R.Civ.P. 72(a); see also 28 U.S.C. § 636(b)(1)(A).  If a party objects to a magistrate judge's ruling on a non-dispositive matter, the Court will disturb a magistrate's ruling only when the ruling is "clearly erroneous or is contrary to law."  See Fed.R.Civ.P. 72(a); see also Castillo v. Frank, 70 F.3d 382, 385 (5th Cir. 1995).  A finding is "clearly erroneous" when the reviewing Court is "left with the definite and firm conviction that a mistake has been committed." United States v. Stevens, 487 F.3d 232, 240 (5th Cir. 2008)(quoting

4

United States. v. U.S. Gypsum Co., 333 U.S. 364, 395 (1948)).

*B.*

Magistrate Judge Roby denied the plaintiffs' motion to quash the plaintiffs' depositions on the ground that a request pursuant to Rule 26(c) to support issuance of a protective order to prevent or postpone a deposition requires that good cause be shown, and the plaintiffs failed to establish good cause. See Order dated March 14, 2014. Magistrate Judge Roby's Order is amply supported, and the plaintiffs identify no particular error. The Court finds that the plaintiffs have failed to show how the magistrate judge's ruling is clearly erroneous or contrary to law.

In their papers appealing the magistrate judge's March 14, 2014 Order, the plaintiffs (invoking no law whatsoever) advance various excuses concerning why the plaintiffs' depositions have been rescheduled so many times, and urge that the magistrate judge disregarded their argument that the depositions should be conducted in the state court suit (or at least cross-noticed to include the state court suit), where the State is also a party. Moreover, the plaintiffs submit, if their motion to quash is to be denied, "then a conditional stay of the depositions should be required pending a ruling on the [plaintiffs'] motion to dismiss." Not only do plaintiffs' excuses lack any connection whatsoever to an attempt to show that Magistrate Judge Roby clearly erred in denying their

motion to quash,[1] but, even more troubling, is the fact that counsel submits stale grounds for appeal that moot the frivolous arguments advance.  This Court denied the plaintiffs' motion for voluntary dismissal before the plaintiffs filed the present motion for appeal/review of magistrate judge's order, yet the plaintiffs continue to invoke the possibility that the Court might dismiss this federal lawsuit as grounds for reversing the magistrate judge's refusal to quash plaintiffs' depositions; plaintiffs continue to suggest that the motion to dismiss is still pending. It is not.  The Court denied the motion to dismiss five days **before** the plaintiffs filed the present appeal.  The Court admonishes counsel for their inattention and for wasting the Court's time. The Court cautions plaintiffs, again, as it did in its April 2, 2014 Order and Reasons denying their motion to dismiss:

> If the plaintiffs' pattern of delay persists, the Court will entertain a motion to dismiss the case with prejudice as a sanction, and, given the state of the record, the Court will be obliged to look into the applicability of 28 U.S.C. § 1927 as to plaintiffs and counsel.

IT IS ORDERED: that the plaintiffs' motion for appeal/review of the magistrate judge's order denying the plaintiffs' motion to quash is DENIED; the magistrate judge's March 14, 2014 ruling is AFFIRMED.  IT IS FURTHER ORDERED: that, not later than May 7, 2014,

---

[1] The plaintiffs fail to explain why their depositions cannot simply be noticed in the state court, as well, as defendants have previously suggested.

counsel for plaintiffs must certify in the record that they have provided their clients a copy of this Order and Reasons.

New Orleans, Louisiana, April 30, 2014

_____
MARTIN L. C. FELDMAN
UNITED STATES DISTRICT JUDGE